UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
at LONDON

**CIVIL ACTION NO. 07-116-DLB**

TERRY L. GRAY                                                                                            PLAINTIFF

vs.                         **MEMORANDUM OPINION & ORDER**

MICHAEL J. ASTRUE, Commissioner
of Social Security                                                                                      DEFENDANT

* * * * * * * * * * * * *

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision of the Commissioner of Social Security. The Court, having reviewed the record, will affirm the Commissioner's decision, as it is supported by substantial evidence.

**I.     FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff Terry L. Gray filed an application for disability insurance benefits (DIB) on November 23, 2004 (date of protective filing). (Tr. 43). Plaintiff alleges he became unable to work on November 22, 2004. (*Id.*) He alleges disability due to degenerative conditions of the lumbar spine status post laminectomy L5-S1 and depressive disorder. (Tr. 13). His application was denied initially and on reconsideration. (Tr. 29-34, 36-38). At Plaintiff's request, an administrative hearing was conducted on March 7, 2006, by Administrative Law Judge (ALJ) Joan Lawrence. (Tr. 263-79). On September 28, 2006, the ALJ ruled that Plaintiff was not disabled and therefore not entitled to DIB. (Tr. 9-20). This decision

1

became the final decision of the Commissioner when the Appeals Council denied review on March 16, 2007. (Tr. 5-7).

On April 6, 2007, Plaintiff filed the instant action. The matter has culminated in cross motions for summary judgment, which are now ripe for adjudication (Doc. #9, 10).

## II.     DISCUSSION

### A.     Overview of the Process

Judicial review of the Commissioner's decision is restricted to determining whether it is supported by substantial evidence and was made pursuant to proper legal standards. *See Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). "Substantial evidence" is defined as "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* Courts are not to conduct a *de novo* review, resolve conflicts in the evidence, or make credibility determinations. *See id.* Rather, we are to affirm the Commissioner's decision, provided it is supported by substantial evidence, even if we might have decided the case differently. *See Her v. Comm'r of Social Security*, 203 F.3d 388, 389-90 (6th Cir. 1999).

The ALJ, in determining disability, conducts a five-step analysis. Step 1 considers whether the claimant is still performing substantial gainful activity; Step 2, whether any of the claimant's impairments are "severe"; Step 3, whether the impairments meet or equal a listing in the Listing of Impairments; Step 4, whether the claimant can still perform his past relevant work; and Step 5, whether significant numbers of other jobs exist in the national economy which the claimant can perform. As to the last step, the burden of proof shifts

from the claimant to the Commissioner. *See Jones v. Comm'r of Social Security*, 336 F.3d 469, 474 (6th Cir. 2003); *Preslar v. Secretary of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994).

**B.     The ALJ's Determination**

At Step 1, the ALJ found that claimant has not engaged in substantial gainful activity since the alleged onset of his disability. (Tr. 13). At Step 2, the ALJ found Plaintiff's degenerative conditions of the lumbar spine status post laminectomy L5-S1 and depressive disorder to be severe impairments within the meaning of the regulations. (Tr. 13). At Step 3, the ALJ found that Plaintiff does not have an impairment or combination of impairments listed in, or medically equal to one listed in Appendix 1, Subpart P, Regulation No. 4. (Tr. 14). At Step 4, the ALJ found that Plaintiff retains the residual functional capacity (RFC) to perform:

> light work lifting up to 20 pounds occasionally 10 pounds frequently, occasional stooping and crouching, with a sit/stand option every 15 to 230 minutes, a limited but satisfactory ability to maintain judgment, maintain attention/concentration, understand, remember, and carry out job instructions, and respond appropriately to changes in the work setting.

(Tr. 15).[1] Based upon this RFC, the ALJ concluded at Step 4 that Plaintiff was unable to perform his past relevant work as a forklift operator and laborer. (Tr. 18).

Accordingly, the ALJ proceeded to the final step of the sequential evaluation. At Step 5, the ALJ found that there were a significant number of jobs available to Plaintiff in the national and regional economies, despite his limitations. (Tr. 18-19). This conclusion

---

[1] Although the ALJ's opinion states that Plaintiff's RFC includes a sit/stand option every "15-230" minutes, this is clearly a typo. Based on a review of the record, it appears that the ALJ meant every "15-30" minutes.

resulted from testimony by a vocational expert (VE), in response to a hypothetical question assuming an individual of Plaintiff's age (45 years of age on the alleged disability onset date and so a "younger individual"), education (high school), work experience, and RFC. (Tr. 18-19, 277).  The VE testified that Plaintiff could work as a hand assembler, small part inspector, hand packager, and semiconductor processor. (Tr. 19, 278 ).  Since these were positions of significant number in both the regional and national economies, the ALJ concluded Plaintiff was not disabled under the Social Security Act. (Tr. 19).

**C.   Analysis**

Plaintiff raises two challenges in his appeal.  The Court will address these challenges in turn.

**1.   Opinions of Treating Physician and Neurosurgeon**

First, Plaintiff claims the ALJ erred by failing to accord greater weight to the opinions of treating physician Dr. M. Lynn Fogleman and neurosurgeon Dr. William H. Brooks. (Doc. #9-3 at 5-6).  The opinion of a treating physician is entitled to greater weight only if it is based on objective medical findings, *Houston v. Secretary,* 736 F.2d 365, 367 (6th Cir.1984), and is not contradicted by substantial evidence to the contrary. *Loy v. Secretary,* 901 F.2d 1306, 1308-09 (6th Cir. 1990).  In this case, while there is some evidence of disability, the opinions of Drs. Fogleman and Brooks are contradicted by substantial evidence to the contrary.

It is important to note that the ALJ did not wholly reject the opinions of Drs. Fogleman and Brooks.  The ALJ accorded "great weight" to Dr. Brooks' assessment of Plaintiff's "postural activities and sitting/standing walking" and "some weight to Dr.

4

Fogleman's assessment regarding lifting and carrying which is consistent with the claimant's reports." (Tr. 17). However, the ALJ found that Dr. Fogleman's assessment otherwise was entitled to only "minimal weight," since the ALJ concluded that it "appears to have been based largely on the claimant's report and is not consistent with the weight of the evidence." (*Id.*) The ALJ noted that, while Plaintiff's leg, back, and knee symptoms warrant some limitations in postural activities, she was not persuaded that Plaintiff's report of "some" numbness and tingling in the back of the left leg and tightness and pulling sensations in his lower back and leg "at times", as reported to Dr. Fogleman in February 2005, impose chronic or disabling limitations." (Tr. 16, 17, 181). The ALJ further provided that, with the exception of the limitations on lifting and carrying, "the remainder of Dr. Fogleman's limitations are overstated and not supported by her own treatment notes." (Tr. 18). For example, the ALJ noted that Dr. Fogleman reported only mild tenderness in the lumbosacral spine, mild weakness in the upper and lower extremities, and a mild problem with balancing when Plaintiff first stands. (Tr. 16-17, 228-29). She accorded "no weight to Dr. Fogelman's limitation of 2 hours of walking/standing, particularly in light of the claimant's daily activities, Dr. Brooks' and Dr. [Jeffrey M.] Stidam's assessments, and Dr. Fogleman's own encouragement for the claimant to begin a regular walking routine to help his weight loss hyperlipidemia and extremity flexibility." (Tr. 18, 234).

With regards to Dr. Brooks, the ALJ observed that Dr. Brooks' recommendation of negligible lifting is "vague" and "inconsistent with the weight of the evidence." (Tr. 17, 178). In fact, the "inconsistent" evidence of record cited by the ALJ in support of this determination was Dr. Fogleman's assessment and Plaintiff's own report of lifting 15-20 pounds. (Tr. 17).

5

It should also be noted that the ALJ did not adopt the opinions of state agency examiners wholesale. Rather, the ALJ stated that the conclusions of Dr. Stidam and the state agency nonexamining consultant that Plaintiff could perform medium work are only entitled to "limited weight." (*Id.*) The ALJ was not persuaded Plaintiff could lift/carry up to 50 pounds for up to one-third of an eight-hour workday. (*Id.*) This thoughtful consideration of the various opinions contained in the record evidences a careful analysis of Plaintiff's claim.

Plaintiff cites *Bowie v. Secretary*, 679 F.2d 654, 656 (6th Cir. 1982), for the proposition that the ALJ erred by failing to accord greater weight to a treating physician than to a doctor to whom Plaintiff was sent for the purpose of gathering information against his disability claim. (Doc. #9-3 at 6). However, *Bowie* is inapposite, as it can be easily distinguished from the instant action. In *Bowie*, two physicians checked boxes on a form indicating that claimant was capable of sedentary work. *Bowie*, 679 F.2d at 656. The opinion of one of the doctors was repudiated by a later statement indicating that the plaintiff was unable to work. *Id.* Similarly, the Sixth Circuit found the other physician's checking of the box "not unambiguously supported by his written statement." *Id.* Moreover, the Sixth Circuit determined that "[t]he medical evidence, along with the claimant's own testimony, was uncontested that claimant is unable to perform her former work." *Id.* at 655. These facts are not present here. Rather, the record contains ample evidence supporting the ALJ's finding that Plaintiff is not disabled.

While the record contains conflicting opinions as to Plaintiff's functional ability, the Court finds that the ALJ properly performed his duty as trier of fact in resolving the conflicts in the evidence. *See Richardson v. Perales*, 402 U.S. 389, 399 (1971).

### 2. Plaintiff's Allegation of Disabling Pain

Second, Plaintiff argues the ALJ erred in rejecting Plaintiff's allegation of disabling pain. (Doc. #9-3 at 8). Plaintiff asserts his allegation of disabling pain is supported by objective medical evidence of an impairment that could be reasonably expected to produce his alleged disabling pain. (*Id.*)

Credibility determinations related to a claimant's subjective pain complaints rest with the ALJ. *Siterlet v. Secretary of Health & Human Servs.,* 823 F.2d 918, 920 (6th Cir. 1987) (per curiam). Pain alone, if the result of a medical impairment, may be severe enough to constitute disability. *Kirk v. Secretary of H.H.S.,* 667 F.2d 524, 538 (6th Cir. 1981). However, in order to find plaintiff disabled on the basis of pain alone, the Commissioner must first determine whether there is objective medical evidence of an underlying medical condition. If there is, the Commissioner must then determine: (1) whether the objective medical evidence confirms the severity of pain alleged by plaintiff; or (2) whether the underlying medical impairment is severe enough that it can reasonably be expected to produce the allegedly disabling pain. *Duncan v. Secretary of H.H.S.*, 801 F.2d 847, 852-53 (6th Cir. 1986). *See also Felisky v. Bowen*, 35 F.3d 1027, 1038-39 (6th Cir. 1994); *Jones v. Secretary of H.H.S.*, 945 F.2d 1365, 1369 (6th Cir. 1991).

The ALJ determined that "the claimant's medically determinable impairments could reasonably be expected to produce the alleged symptoms, but that the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible." (Tr. 15). Rather than "propound[ing her] own lay opinion in judging Mr. Gray's impairments," as Plaintiff asserts (Doc. #9-3 at 10), the ALJ thoroughly explained her rationale for rejecting Plaintiff's allegations, frequently referencing the

evidence of record in the process. For instance, the ALJ noted that, "[w]hen asked about his daily activities at the hearing, the claimant testified he sits around the house and does not go anywhere, which appears to be an effort to minimize what he actually does in a benefit seeking manner." (Tr. 17, 270). Additionally, the ALJ commented that Dr. Kevin Eggerman's observation that Plaintiff "is focused primarily on somatic symptoms" is consistent with the her determination that Plaintiff's "complaints exceed those expected from his conditions." (Tr. 17, 186). The ALJ also noted that Plaintiff's activities of daily living undermine his claims of disabling pain. (Tr. 17-18).

Where the medical evidence is consistent, and supports Plaintiff's complaints of the existence and severity of pain, the ALJ may not discredit Plaintiff's testimony and deny benefits. *King v. Heckler*, 742 F.2d 968, 975 (6th Cir. 1984). Where, however, the medical evidence conflicts, and there is substantial evidence supporting and opposing a finding of disability, the Commissioner's resolution of the conflict will not be disturbed by the Court. *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983) (per curiam). The ALJ explicitly acknowledged Plaintiff's medical issues. However, rather than accept Plaintiff's claims of debilitating pain at face value, the ALJ determined that the record as a whole did not support a conclusion that Plaintiff suffered from disabling pain. Based on the record, the ALJ determined that Plaintiff's allegations regarding pain lacked credibility. Credibility determinations related to a claimant's subjective pain complaints rest with the ALJ. *Siterlet*, 823 F.2d at 920.

**III.     CONCLUSION**

Accordingly, for the reasons stated,

**IT IS ORDERED** that the decision of the Commissioner is found to be supported by substantial evidence and is hereby **AFFIRMED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment (Doc. #9) is hereby **DENIED**.

**IT IS FURTHER ORDERED** that Commissioner's Motion for Summary Judgment (Doc. #10) is hereby **GRANTED**.

A Judgment in favor of Defendant Commissioner will be entered contemporaneously herewith.

Dated this 9th day of May, 2008.



G:\DATA\SocialSecurity\MOOs\6-07-116-GrayMOO.wpd

9